UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL P. GAGLIARDI,

          Plaintiff,

                                                                                                **Hon. Hugh B. Scott**

          v.                                      12CV706A

                                                                          **Order**

ANUPAM AGHIHOTRI, et al.,

          Defendants.

Before the Court is plaintiff's motion to compel disclosure (pursuant to Federal Rules of Civil Procedure 33, 34, 37, and 7) and to extend time limits for expert disclosure (Docket No. 18[1]). This Court granted the extension portion of this motion and held in abeyance the discovery deadlines (cf. Docket No. 11, Scheduling Order; see also Docket No. 19, Pl. Atty. Aff. Ex. D) pending resolution of the remainder of this motion (Docket No. 23). Responses to this motion were due by January 4, 2013, with any replies due January 11, 2013 (Docket No. 22), but defendants did not file a response.

BACKGROUND

This is a removed personal injury action where the basis of federal jurisdiction alleged is diversity of citizenship (see generally Docket No. 1, Notice of Removal). Defendants' truck, driven by defendant Aghihotri, rear ended plaintiff's car in Lewiston, New York (id., Ex. A, Compl. at pages 6-8). Defendants removed this action (Docket No. 1; see Docket No. 19, Pl.

---

[1]In support of this motion, plaintiff submits his attorney's affidavit with exhibits, Docket No. 19; his memorandum of law, Docket No. 20.

Atty. Aff. Ex. B) and answered (Docket No. 4, Answer of Aghihotri and 667619 Canada Inc.; see Docket No. 19, Pl. Atty. Aff. Ex. C). This Court then entered a Scheduling Order, with plaintiff's expert disclosure was due December 4, 2012, defense expert disclosure due by January 18, 2013, and discovery completed by March 5, 2013 (Docket No. 11).

Plaintiff then served discovery demands, seeking answers to Interrogatories, document production, and depositions (Docket No. 19, Pl. Atty. Aff. ¶¶ 6-7, Exs. F, G), but defense counsel adjourned deposition (id. ¶ 8). During the initial mediation, plaintiff's counsel reminded defense counsel of the outstanding discovery but defendants have yet to respond (id. ¶ 9). Plaintiff's counsel again tried reaching defense counsel on December 3, 2012, regarding this discovery but could only leave defense counsel a voicemail message (id. ¶ 10).

## DISCUSSION

I. Standard

Discovery under the Federal Rules is intended to reveal relevant documents and testimony, but this process is supposed to occur with a minimum of judicial intervention. See 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 655-65 (Civil 2d ed. 1994). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Fed. R. Civ. P. 26(b)(1) (effective Dec. 1, 2007). Initial disclosure includes producing "a copy of, or a description by category and location of, all documents . . . that are in the possession, custody, or

control of the party and that the disclosing party may use to support its claims . . . ." Fed. R. Civ. P. 26(a)(1)(B).

Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention. Fed. R. Civ. P. 37(a)(2)(A).

If a motion to compel is granted, or if the opponent produces discovery after the motion is filed, the Court "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," but the Court must not order payment if movant files before attempting in good faith to resolve the matter, the opponent's nondisclosure, response, or objection was substantially justified, or "other circumstances make an award of expenses unjust," Fed. R. Civ. P. 37(a)(5)(A).

II.     Application

   A.     Production

Defendants have not responded to this motion. Therefore, plaintiff's motion (Docket No. 18) to compel production of the discovery sought is **granted**.

   B.     Reasonable Motion Sanctions

The remaining issue is whether defendants' refusal warrants imposition of discovery sanctions under Rule 37(a)(5). Plaintiff submitted in his motion his good faith attempts to resolve this discovery matter short of motion practice to no avail (Docket No. 19, Pl. Atty. Aff. ¶¶ 9-10), that defendants have not responded to show that their non-response was substantially

3

justified, or that other circumstances would make an award of recovery of reasonable motion expenses unjust. Therefore, giving defendants an opportunity to be heard on the question of sanctions, since plaintiff prevails on its motion to compel, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) plaintiff shall submit an application to recover its reasonable motion expenses **within five (5) days of entry of this Order**. Defendants may respond to this application **within fifteen (15) days of entry of this Order**, including stating objections to imposition of sanctions under that rule, and the application then will be deemed submitted (without oral argument).

    C.    Amended Schedule

Given the disposition of this motion, the Scheduling Order (Docket No. 11) needs to be amended to extend deadlines as defendants produce. As a result, plaintiff's motion to extend his expert disclosure deadline is granted (see also Docket No. 23) and the schedule is amended as follows:

1. All discovery in this case shall conclude on **April 15, 2013.** All motions to compel shall be due at least **30 days prior** to that discovery cutoff date.

2. The parties shall identify any expert witnesses through interrogatories pursuant to Fed. R. Civ. P. 26(b)(4) as follows: (1) plaintiff shall identify any expert witnesses by **March 1, 2013**; (2) defendants shall identify any expert witnesses by **April 1, 2013**.

3. Dispositive motions, if any, shall be filed no later than **July 15, 2013**. Such motions shall be made returnable before the Magistrate Judge.

4. The referral to mediation shall terminate on **August 15, 2013**. In the event that settlement is not reached, the case will progress toward trial, as scheduled below. The referral of this case to mediation will not delay or defer other dates contained in this Scheduling Order and has no effect on the progress of the case toward trial.

5. If no motions are filed, the parties shall contact the Chambers of Judge Arcara by **July 22, 2013**, to schedule a final pretrial conference pursuant to Fed. R. Civ. P. 16(e) and Local Civil Rule 16(e) (effective Jan. 1, 2011).

6. No extension of the above cutoff dates will be granted except upon written application, filed prior to the cutoff date, showing good cause for the extension. Moreover, if counsel are of the belief that an intermediate conference with Judge Arcara or Magistrate Judge Scott would be of assistance in the prompt disposition of the case, such a conference will be scheduled upon application of any party. Counsel's attention is directed to Fed. R. Civ. P. 16(f) calling for sanctions in the event of failure to comply with any direction of this Court.

## CONCLUSION

For the reasons stated above, and the absence of a response from defendants, plaintiff's motion to compel is **granted**. Plaintiff is to submit his reasonable motion expenses as application to recover these expenses as a discovery sanction within **five (5) days of entry of this Order**; defendants may respond within **fifteen (15) days of entry of this Order**. The Scheduling Order (Docket No. 11) is amended as discussed above.

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
January 29, 2013